**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARY LESTER,

     Plaintiff,

v.

CITY OF LAFAYETTE, COLORADO,

     Defendant - Appellee.

----------------------------------------

RALPH E. LAMAR,

     Attorney - Appellant.

No. 15-1108
(D.C. No. 1:13-CV-01997-CMA-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

Appellant Ralph E. Lamar appeals the district court's order awarding attorney

fees and costs as a sanction against him and his client as a consequence of a motion

to compel discovery he filed in the underlying litigation. After the court denied the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion to compel, it granted the defendant's motion for attorney fees and costs. In the interim, the underlying case was resolved. Exercising jurisdiction under 28 U.S.C. § 1291, *see Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1222 & n.1 (10th Cir. 2015) (reviewing orders sanctioning attorneys after the conclusion of the underlying lawsuit), we reverse.

## I.    Background

Mr. Lamar represented Mary Lester in a wrongful-discharge lawsuit alleging that defendant City of Lafayette (City) terminated her employment in violation of the Americans with Disabilities Act and the Rehabilitation Act. Ms. Lester claimed that her association with her adult mentally disabled daughter was the reason she was discharged. Following an incident on June 10, 2011, in which the daughter called the police to Ms. Lester's home, Ms. Lester's supervisor gave her a written reprimand for her behavior during the incident.

Ms. Lester was discharged on July 10, 2012. The City stated that the reasons for discharging Ms. Lester were her failure to follow City policy during a bidding process she conducted on behalf of the City, the written reprimand, and concerns raised in her most recent performance evaluation.

On December 10, 2013, Mr. Lamar deposed the supervisor. Mr. Lamar questioned him about his contacts with the police, to which the supervisor's attorney interposed an objection. The parties contacted the magistrate judge assigned to the case, who ruled that Mr. Lamar could ask the supervisor only if he had had any interactions with police in which he believed they acted inappropriately or if he had

2

any complaints against the police in general, and whether he had any felony convictions within the last ten years, and if so, when and for what offenses. The supervisor's deposition was then concluded.

Later, on January 17, 2014, Mr. Lamar discovered an arrest report for the supervisor, wherein he was arrested for DUI and had informed the officer that he worked for the City, so "this wasn't going to be a problem." Joint App. Vol. I, at 86. He also appeared to phone the City's police chief, intimating that he was personally acquainted with the chief. Hence, Mr. Lamar requested discovery from the City seeking admissions and information from City supervisory personnel concerning their knowledge of the supervisor's arrest and whether he was disciplined. The City refused to provide this information, arguing that the magistrate judge's ruling at the supervisor's deposition precluded further inquiry into his criminal history and, in any event, the information was irrelevant to Ms. Lester's employment-discrimination claims.

Mr. Lamar filed a motion to compel discovery. In denying the motion, the magistrate judge ruled that he had previously decided the issue by "allow[ing] limited questions to be asked of [the supervisor] concerning his criminal background," and that ruling was the law of the case. *Id.* at 130. In addition, the magistrate judge found that the discovery requested was irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The district court affirmed the magistrate judge's order denying the motion to compel.

3

The City then filed a motion for attorney fees and costs for having to defend the motion to compel. The magistrate judge again invoked the law-of-the-case doctrine, noted that Mr. Lamar had not filed an objection to the deposition ruling under Fed. R. Civ. P. 72(a), and found that he had not exercised due diligence in discovering the supervisor's arrest report. The magistrate judge ruled that the motion to compel was not substantially justified and Mr. Lamar did not have a reasonable basis in law or fact to file the motion. Accordingly, the magistrate judge awarded the City its attorney fees and costs against both Ms. Lester and Mr. Lamar. The district court affirmed the magistrate judge's order.

Mr. Lamar appeals the award of attorney fees and costs, arguing (1) the district court did not apply the correct standard for imposing the sanction of attorney fees; (2) the law-of-the-case doctrine does not apply to pretrial discovery matters; (3) even if the deposition ruling was the law of the case, the court had discretion to modify its order and Mr. Lamar was not unreasonable in asking the court to address the new evidence; (4) the district court erred in holding that he should have filed a Rule 72(a) objection to the deposition ruling, even though he had no quarrel with the ruling and he did not discover the supervisor's police report until after the deadline for filing a Rule 72(a) motion had expired; (5) the district court's ruling that he was not duly diligent in discovering the police report involving the supervisor was in error given that discovery is an ongoing process; and (6) the district court erred in concluding

4

that a reasonable person could not have believed that the evidence sought in the motion to compel was relevant.[1]

## II.     Discussion

### A. Standards of Review

The district court must ordinarily order a party to pay the opposing party's reasonable expenses, including attorney fees, incurred in opposing a motion to compel discovery if the motion was denied.  Fed. R. Civ. P. 37(a)(5)(B).  "But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*  To avoid an attorney-fee award, the moving party must show that its motion had a "reasonable basis both in law and fact." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988) (internal quotation marks omitted).

Although we review the district court's decision to award attorney fees under Rule 37 for an abuse of discretion, *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012), a district court reviews a magistrate judge's order under a clearly erroneous or contrary to law standard, *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1465 (10th Cir. 1988) (citing 28 U.S.C. § 636(b)(1)(A)).  A district court abuses its discretion in awarding sanctions "if it base[s] its ruling on an

---

[1] Mr. Lamar also claims the district court erred in ruling that during discovery a party does not get two bites at the apple, but this ruling was in the order affirming the magistrate judge's order denying the motion to compel, an order not before us in this appeal.

erroneous view of the law or on a clearly erroneous assessment of the evidence."

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

## B. Law of the Case

The district court applied the law of the case based on the magistrate judge's ruling that the supervisor could be questioned only as to whether he had any felony convictions within the past ten years or any interactions with the police where he felt their conduct was inappropriate. Thus, the court ruled that Mr. Lamar's discovery requests directed to the City concerning the supervisor's DUI arrest and whether he was sanctioned were excluded by that ruling.

The "amorphous concept" of law the case "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Although a court must "honor the rulings of a court that stands higher in the hierarchical judicial structure," *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1553 (10th Cir. 1991), a district court has the discretion "to depart from its own prior rulings," *Allison v. Bank One-Denver*, 289 F.3d 1223, 1247 (10th Cir. 2002). A district court may revisit its prior interlocutory ruling without applying the three circumstances generally warranting departure from the prior ruling: "(1) new and different evidence; (2) intervening controlling authority; or (3) a clearly erroneous prior decision which would work a manifest injustice." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011).

6

Although the district court recognized that for pretrial rulings the law-of-the-case doctrine is discretionary, the court nevertheless affirmed the magistrate judge's application of the doctrine. But the law-of-the-case doctrine did not necessarily bar the discovery requests, nor did it require an award of attorney fees. To the extent the award of sanctions was based on the view that Mr. Lamar was barred by the law of the case from filing a motion to compel, the award was based on an erroneous view of the law.

## C. Substantially Justified

Even so, the award of fees was proper unless Mr. Lamar's motion to compel was substantially justified or other circumstances made an award of expenses unjust. The Supreme Court has described the test of "substantially justified" under Rule 37 as "a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce*, 487 U.S. at 565 (citations, brackets, and internal quotation marks omitted). "Substantially justified" connotes "not justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Id.* (internal quotation marks omitted).

Mr. Lamar argues that the disputed discovery requests were relevant to the issue of pretext and were intended to elicit information as to whether Ms. Lester was treated less favorably than the supervisor whose conduct with the local police was allegedly worse than hers. In addition, he contends the discovery was relevant to one of the reasons Ms. Lester was discharged: "the written reprimand [she] received last

7

year for improper conduct regarding the police department," Joint App. Vol. II, at 447.

Mr. Lamar argues that the discovery requests seeking admissions and information from City supervisors concerning their knowledge of the supervisor's arrest and whether he was disciplined were not covered by the magistrate judge's ruling at the supervisor's deposition limiting the questions that could have been asked of him. Rather, Mr. Lamar sought evidence that another City employee had been treated more favorably than Ms. Lester following contact with police.

The City responds that (1) Ms. Lester was terminated for reasons other than her reprimand based on her behavior toward police officers, (2) the supervisor's arrest did not occur during work hours and did not relate to his job duties, and (3) "there are no facts whatsoever associated with either the termination of Ms. Lester's employment or [the supervisor's] incident which supported Ms. Lester's claims of associational discrimination." Aplee. Br. at 11.

But as noted, one of the reasons included in Ms. Lester's termination letter was the written reprimand for her improper conduct during the police call-out to her home. Whether the supervisor received a reprimand for improper conduct regarding the police department during his DUI arrest therefore may have been relevant to the issue of disparate treatment. *See* Fed. R. Civ. P. 26(b)(1) (providing for discovery of any relevant nonprivileged matter that is proportional to the needs of the case); *see also Trujillo v. Pacificorp*, 524 F.3d 1149, 1159 (10th Cir. 2008) (noting that "disparate treatment of similarly situated employees contributes to a reasonable

8

inference of pretext" which would defeat the employer's claimed legitimate reason for discharging the employee). Neither the magistrate judge nor the district court addressed Ms. Lester's disparate-treatment-relevancy argument either in denying her motion to compel or in awarding attorney fees to the City. More to the point, the inquiry as to the propriety of attorney-fee sanctions is not whether the evidence sought was relevant, but whether reasonable people could differ as to the appropriateness of Mr. Lamar's request for the evidence. Under these circumstances, we think reasonable people could differ. Therefore, because the attorney-fee award was based on a clearly erroneous assessment of the evidence, it was improper.

## D. Rule 72(a) Motion or Due Diligence

In recommending the attorney-fee sanction, the magistrate judge held that Mr. Lamar should have filed an objection to the deposition ruling under Fed. R. Civ. P. 72(a), rather than a motion to compel. In addition, the magistrate judge found that Mr. Lamar's lack of due diligence in discovering the supervisor's police report prior to his deposition supported the fee award. But the deposition ruling arguably did not cover the discovery directed to the City about whether the supervisor had been reprimanded, and neither the magistrate judge nor the district court cited any authority holding that a litigant may not pursue lines of discovery that she became aware of after a deposition or after the time limit to file a Rule 72(a) motion had expired. Indeed, "a party's failure to seek timely review [of a magistrate judge's non-dispositive order] does not strip a district court of its power to revisit the issue." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). And a litigant

9

generally may serve follow-up discovery requests based on new information. *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1175 (10th Cir. 2005) (stating litigant could have asked the magistrate judge to reconsider prior discovery rulings or "he could have simply served follow-up discovery requests . . . based on the new information"). Moreover, the discovery deadline was April 18, 2014, well after Mr. Lamar sought additional discovery about the supervisor's DUI arrest. We find that these reasons for granting attorney fees to the City are clearly erroneous.

## III. Conclusion

We emphasize that the issue on appeal is not whether the district court correctly denied the motion to compel, but rather, whether reasonable people could differ as to the appropriateness of filing the motion. Having concluded that the award of attorney fees based on the motion to compel was based on an erroneous view of the law and on a clearly erroneous assessment of the evidence, we reverse and remand with instructions to vacate the order granting attorney fees to the City.

Entered for the Court


Bobby R. Baldock
Circuit Judge